HOWARD, Circuit Judge,
concurring.
The majority opinion correctly solves this double jeopardy puzzle, and I join it except with respect to one analytical step.
The lead opinion suggests that issue preclusion requires us to adopt the findings of Dellosantos. Slip Op. at 18-19 n.7. I, however, believe that the law of the case doctrine actually governs. See United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004) (explaining that a legal decision in one case ties “a successor appellate panel in a second appeal in the same case”). If the acquittal following Dellosantos “was intended to be no different than had the government on remand moved ... to amend the indictment,” Slip. Op. at 15, I do not see how this appeal differs from any other that follows a remand and subsequent proceeding for law of the case purposes. See, e.g., United States v. Wallace, 573 F.3d 82, 89 (1st Cir.2009). Indeed, by implying that this is a new, discrete matter, the lead opinion might give fodder to the dissent’s point that our analysis should be limited solely to the indictments.
Either way, I agree that our decision must now be tethered to the holdings of Dellosantos.[10] Though the dissent’s analysis would unquestionably be correct in a normal double jeopardy case, it does not adequately account for that prior decision.[11] Simply stated, Dellosantos reversed the appellants’ convictions on prejudicial variance grounds — a purely procedural decision that does not bar re-prosecution on the discrete crime that the government currently charges. See, e.g., Marshall v. Bristol Superior Court, 753 F.3d 10, 18 (1st Cir.2014). Only by turning a blind eye to the nearly twenty times that Dellosantos differentiated the conspiracies, and by pretending that the charged crimes present themselves here on a blank slate, could we view the Mas *44 sachusetts-based conspiracy as a “lesser included” version of an offense the defendants were acquitted of.
Such a perspective is certainly not mandated here, and it would permit the defendants to escape the natural consequences of their prior, successful appeal by introducing a new, irreconcilable argument. See New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (A litigant should not be permitted to “prevail[ ] in one phase of a case on an argument and then rely[ ] on a contradictory argument to prevail in another phase”) (citation and internal quotation marks omitted); see also United States v. Pakala, 568 F.3d 47, 59 (1st Cir.2009) (asking whether a party’s later position is clearly inconsistent with an earlier one; whether the party succeeded in the first proceeding based on the prior argument; and whether that party “would dérive an unfair advantage” if permitted to “assert an inconsistent position”).
In the first appeal, Dellosantos insisted that “[t]he evidence showed there were two conspiracies; one involving cocaine and the other involving marijuana. These two conspiracies were distinct, involved different sources and flow of distribution.” He added, “[i]f the defendant was a member of another conspiracy, and not the one charged, then the defendant is not guilty of the conspiracy as charged.” Szpyt likewise asserted that “[t]he evidence in this case established two conspiracies, not the one charged in the indictment.”[12]
In the appeal now, however, the defendants take an entirely inconsistent position. They argue that “the government is attempting an ‘end run’ by re-prosecuting Dellosantos and Szpyt for the same conspiracy, minus the marijuana part.” In other words, they claim that this cocaine-only conspiracy is merely part of the one, overarching conspiracy charged before.
They cannot have it both ways. Either there was a conspiracy that included at least the cocaine-only conspiracy, or there were entirely distinct conspiracies. After succeeding in convincing a majority of the prior panel that the latter was true, it would be inequitable to permit the defendants to escape prosecution by now arguing the former. As the lead opinion notes, the defendants have changed their tune solely to “escape punishment for [a] crime despite a jury finding [them] guilty beyond a reasonable doubt and this court finding sufficient evidence in the record to support that verdict.” Slip. Op. at 22 n.9. Allowing such a gambit threatens “the integrity of the judicial process.” Perry v. Blum, 629 F.3d 1, 8 (1st Cir.2010).
Accordingly, because our inquiry must be anchored to Dellosantos, and since the defendants cannot now proffer an inconsistent position to dodge the foreseeable result of their earlier contention, I concur.

. I continue to believe that Dellosantos was wrongly decided. See United States v. Dellosantos, 649 F.3d 109, 126 (Howard, J., concurring in part and dissenting in part). In addition to expressing that belief at the time of the decision, I also dissented from the panel's refusal to rehear the case. Order on Appellee's Petition for Rehearing, United States v. Dellosantos, Nos. 09-2135, 09-2670, 649 F.3d 109 (1st Cir. Nov. 1, 2011). Our dissenting colleague here nicely captures the reasons why. Dissent at 35-36 n.16 (describing how the prior Dellosantos decision was potentially incompatible with Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), and questionable under a "mere variance analysis”). Having lost that battle though, I cannot now "revisit[] how to decide Dellosantos." Dissent at 36.

. The dissent takes the position that the pri- or Dellosantos decision was one that spoke to the substantive guilt of the defendants. As the lead opinion emphasizes, the dissent can only reach that conclusion by ignoring the entire variance analysis at the heart of Dellosantos. It is that misstep that permits the dissent to classify the charged conspiracy as "an offense entirely subsumed in the prior acquitted offense,” dissent at 37, and to thus present its rhetorically powerful though ultimately fictive parade of horribles.

. The dissent again sees only what it wants. It states that- in Dellosantos the defendants merely “argued, first, that the government failed to prove [the conspiracy charged].” Dissent at 32. But, the defendants’ precise argument, as highlighted above, shows otherwise.